H. Rutherford v. J. H. Richart & Gudgell et al.
Taylor & Trumbo v. Richart & Gudgell et al.
L. Goodpastor v. Richart & Gudgell et al.
J. J. Lightfoot v. Richart & Gudgell et al.
Wm. Richards v. Richart & Gudgell et al.

Attachment.__Non-residents—Want of Authority to Enter Appearance By Attorney—How Made Known.

It will not be judicially presumed that an attorney had no authority to enter an appearance for a defendant, but if he should do so without such an authority the whole judgment would be void; this can only be shown by a direct proceeding for that purpose.

Sureties—Judgment, For Before Paying Debt.

It was error to render judgment in favor of Rutherford's sureties before they had paid the debt.

Vendors' Lien—Answer Must Be Made a Cross-Petition.

Gudgell had obtained a judgment at law against Rutherford and filed an answer to the attachment suit asserting a vendor's lien, but he failed to make his answer a cross-petition against Rutherford, nor in any manner made him a party. Held, that the entry of Rutherford's appearance did not make him a party to Gudgell's answer.

Attachment—Levy—Priority of Liens.

When the sheriff levies attachments, first coming to his hands, on a reasonable amount of property, the levy of subsequent attachments on other property will give those a prior lien over the first attachments.

Judgment of Sale—Commissioners Deed—Lien For Purchase Money.

The judgment directing the sale did not reserve a lien for the purchase money; it was error to convey without reserving a lien. The purchaser being a party to the record, his purchase may be ordered to be cancelled. But where a purchaser is not a party his deed may be set aside by a special proceeding, but this will not effect his purchase.

Judgment in Favor of Sureties—Sureties' Right to Collect Debt.

A judgment against the principal in favor of the sureties on his bond, who had not paid the debt, should be for the payment of the amount ot the holders of the unpaid debt; the sureties have no right to collect the money.

APPEAL FROM BATH CIRCUIT COURT.

July 2, 1867.

Opinion of the Court by Judge Williams:

Some thirteen creditors and sureties of H. Rutherford sued out attachments against him and had his lands, house and lot, and

personalty, levied on and sold, on the allegation that he had voluntarily left the county of his residence and had for thirty days been within the military lines and in the military service of the "so-called Confederate States." Before the order of sale was made the record shows that his appearance was entered by J. M. Nesbit at the December term, 1863.

The sheriff sold the property levied on pursuant to said order and reported his sales at the following June term, 1864, which was confirmed and deeds ordered to be made and which were duly acknowledged and ordered to be recorded.

A receiver was also at the same time appointed and ordered to collect the sale money, pay to Gudgell the amount of his lien claim on the house and lot, and the remainder, if any, of its proceeds to Richart, and reserved the rights of all the parties.

Rutherford, before this appeal was sued out, filed a petition to have these several judgments opened, reversed and set aside because he denied that Nesbit had any authority to enter his appearance, and alleging that he was prosecuting some of the attachments as the plaintiffs attorneys and in his own right together with other causes in said petition set out.

He also moved the court to quash the attachments and levies by virtue thereof.

And moved the court to quash and set aside the sales made by virtue of the judgment of court in said causes.

He also filed an answer and affidavit setting out that he had been proceeded against as a non-resident, and that Nesbit had no authority to enter his appearance, and asked to open the causes and be permitted to defend. All of these things were still pending and undetermined when he prosecuted this appeal, and all of which are made known to us by proper plea.

We cannot know judicially that the Nesbit who entered the appearance of Rutherford was the same Nesbit who had as attorney brought some of the attachment suits, and in whose name one suit was pending, and it is so contrary to the policy and purity of the law to permit attorneys to represent both sides, especially in a suit for his own benefit, that we will not presume the circuit court violated its duty in permitting its officers to do so.

Nor can we presume from this record that Nesbit had no authority to enter Rutherford's appearance, especially as none of the essential steps to authorize the sale of a defendant's property

who was only constructively summoned to appear in this record. If Nesbit in fact entered Rutherford's appearance without authority, this would render the whole judgment fraudulent and void; but this can only be made known by a direct proceeding for that purpose, which Rutherford has instituted and is now prosecuting, and in which the court below on final hearing may correct all the various errors appearing in this record; for these reasons Rutherford's appeal must be dismissed without prejudice.

The judgment in favor of Rutherford's sureties who had not paid the debts should have been to pay the holders of the debts; therefore they were essential parties; the sureties had no right to collect the money, but as they prayed for judgment, and Rutherford's appearance being entered, we will leave this error to be adjusted on his pending proceedings.

Gudgell had obtained a judgment at law against Rutherford and he filed an answer to the attachment suits setting up and asserting a vendor's lien upon the house and lot levied on, and made his deed to Rutherford an exhibit, but he did not make this answer a cross petition against Rutherford, nor in any manner make him a party, therefore even the entry by Nesbit of Rutherford's appearance could not make him a party to Gudgell's answer.

Whilst Gudgell doubtless had a prior vendor's lien and perhaps could have proceeded by execution, on his judgment at law, to sell the house and lot, as Rutherford had become invested with the legal title to Gudgell's deed, yet the chancellor could only order a sale in his behlf upon proper proceedings, and an order of sale without either actual or constructive service, or entry of appearance of the defendant, would be an absolute nullity.

Richart's attachment was never levied upon this house and lot sold by Gudgell to Rutherford, and therefore he has no right to entervene between these subsequent attaching creditors who did have it levied on and its proceeds.

The sheriff's return shows it sold for about $1,800.    Rutherford gave greatly more than that for it.    Gudgell's prior lien is only asserted for something over seven hundred dollars.

The sheriff made, doubtless, what he considered a reasonable levy on Richart attachment and the others which first came to his hands, without levying on this house and lot, and the levy thereon of the subsequent attachments gave those a prior lien over the first attachments which were not levied on it.    The forcible taking of

the slaves from the sheriff, by soldiers, at Rutherford's instance, if such was done as urged, could not affect the respective rights of the attaching creditors, nor disturb their priorities. The judgment directing the commissioner to make deeds to the purchasers does not reserve a lien for the ·unpaid purchase money; the deeds are not in this record; as but little, if any, of the purchase money was paid when these deeds were made, it was erroneous to convey without reserving a lien, and as the attaching creditors who may be entitled to the proceeds may have their claims endangered thereby, it is an error they have a right to have corrected. Goodpastor being· a party to the record is affected by all its errors, and therefore his purchase and sale may be ordered to be cancelled without a special proceeding for that purpose, but Mills the purchaser of the house and lot seems not to have been a party to the record; therefore the sale to him can only be set aside upon proper proceedings for the purpose, but he was a party to the order directing a conveyance to him, and is affected by the error, and his deed should be set aside because no lien was reserved in the order directing it, but this will affect his purchase, it will stand as though no deed had been made.

Wherefore, the judgment allowing Gudgell and Richart a priority as to the proceeds of the house and lot is reversed on the several appeals of Taylor & Trumbo, Goodpastor, Lightfoot and Richards, with directions to permit Gudgell to amend his answer, make Rutherford a party thereto with a view to assert his prior vendor's lien,—should he do so within reasonable time, and to appropriate the remainder of its proceeds after paying Gudgell to those attaching creditors who first had it levied upon.

Goodpastor's purchase should be set aside and the land resold, and Mills' purchase should abide the future judgment of the court predicated upon the future proceedings and evidence which may appear on the trial proceedings instituted by Rutherford, which are now pending. Wherefore, Rutherford's appeal is dismissed without prejudice, and the order distributing the proceeds of the house and lot to Gudgell and Richart as prior claimants is reversed, also the orders directing a conveyance to Goodpastor and Mills, and for further proceedings as herein indicated.

*R. Reid, Lacey, for appellants.*

*Gudgell, for appellees.*